1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANGEL M. RODRIGUEZ,                    No.  2:21-CV-01417 KJM DB

12                    Petitioner,

13        v.                               FINDINGS AND RECOMMENDATIONS

14   CRAIG KOENIG,

15                    Respondent.

16

17        Petitioner, a state prisoner, proceeds pro se with a petition for a writ of habeas corpus

18   under 28 U.S.C. § 2254. Petitioner challenges a judgment of conviction entered in June 2013 in

19   the Sacramento County Superior Court. Petitioner was convicted of second degree robbery.

20   Petitioner now challenges his conviction, claiming: (1) there is insufficient evidence to prove that

21   petitioner's alleged prior convictions under Oregon and federal law qualify as strikes under

22   California law; (2) a true finding based on his 1990 unarmed bank robbery prior conviction is

23   inconsistent with Sixth and Fourteenth Amendments; (3) there was a violation of California's full

24   sentencing rule; and (4) ineffective assistance of trial and appellate counsel. For the reasons set

25   forth below, this Court recommends denying the petition. (ECF No. 4.) This Court also

26   recommends denying petitioner's "Amendment to Petition" (ECF No. 18), "Statement of Case

27   Claiming Documents Not Fully Before Court" (ECF No. 19), and a second "Amendment to

28   Petition." (ECF No. 20.)

1

1

## BACKGROUND

2

### I.   Facts Established at Trial

3        The California Court of Appeal for the Third Appellate District provided the following

4   summary of the facts presented at trial:

5               On November 14, 2011, a man in a baseball hat and sunglasses
             grabbed cash from a teller at Bank of the West in Sacramento;
6             announced, "This is a robbery"; and as he walked away, stated, "If
             anybody does anything I'll shoot." The robbery was captured on the
7             bank's surveillance camera. Two of defendant's coworkers saw
             photographs of the suspect on the news and identified defendant as
8             the suspect. Bank tellers also identified defendant with varying
             degrees of confidence. Defendant had gambled several times during
9             the month of November at Thunder Valley Casino, including on the
             day of the robbery, and his bank account was overdrawn. The defense
10            was mistaken identity. A jury convicted defendant of one count of
             second degree robbery.

11

12   (ECF No. 14-10 at 2–4); People v. Rodriguez, No. C074676, 2015 WL 301951, at *1 (Cal. Ct.

13   App. Jan. 23, 2015).

14   ### II.   Procedural Background

15   #### A.   Judgment

16        A jury convicted petitioner of second degree robbery. (ECF No. 14-1 at 140.) The trial

17   court imposed a prison term of 25 years to life. (Id. at 172–76.)

18   ### III.   State Appeal, State Habeas, and Federal Proceedings

19        Petitioner timely appealed his convictions, arguing that the true findings on the priors

20   must be reversed and the trial court abused its discretion when it denied his motion to dismiss his

21   prior strikes. Petitioner has five prior convictions that are relevant here: (1) October 15, 1990

22   conviction for second degree robbery under federal law; (2) October 19, 1990 conviction for

23   second degree robbery under Oregon law; (3) July 31, 1980 conviction for first degree robbery

24   under Oregon law; (4) July 31, 1980 conviction for first degree robbery under Oregon law; and

25   (5) July 31, 1980 conviction for second degree robbery under Oregon law.[1] (ECF No. 14-1 at

26   147–48.) The state appellate court held that the fifth prior for second degree robbery on July 31,

27

28   _____

[1] The Court will refer to the prior convictions in the listed order.

2

1   1980 must be stricken, but otherwise affirmed the judgment. (ECF No. 14-10.) Petitioner sought

2   review in the California Supreme Court, which summarily denied review. (ECF No. 14-11.)

3          Petitioner sought habeas corpus relief in the California state courts. (ECF Nos. 14-12 to

4   14-25.) In one state habeas petition, petitioner argued that his 1990 second degree robbery

5   conviction under Oregon law (second prior) does not qualify as a serious felony and therefore

6   does not justify a five-year sentencing enhancement. The state habeas court agreed, granting

7   habeas relief on that claim, and remanding for resentencing. (ECF No. 14-25.) On remand, the

8   superior court sentenced petitioner to 10 years determinate aggregate prison term, and 25 years to

9   life indeterminate aggregate prison term. (ECF No. 14-26.) Petitioner filed other state habeas

10  petitions, which the California courts denied. (ECF Nos. 14-27 to 14-29.)

11         Petitioner filed his federal habeas petition on September 14, 2021. (ECF No. 4.)

12  Respondent filed an answer. (ECF Nos. 14 & 15.) Petitioner filed a traverse. (ECF Nos. 16 & 17.)

13         He also filed additional documents titled "Amendment to Petition" (ECF No. 18),

14  "Statement of Case Claiming Documents Not Fully Before Court" (ECF No. 19), and a second

15  "Amendment to Petition." (ECF No. 20.)

16  **STANDARDS OF REVIEW APPLICABLE TO HABEAS CORPUS CLAIMS**

17         A court can entertain an application for a writ of habeas corpus by a person in custody

18  under a judgment of a state court on the ground that he is in custody in violation of the

19  Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal writ is not

20  available for an alleged error in the interpretation or application of state law. See Wilson v.

21  Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); Park v.

22  California, 202 F.3d 1146, 1149 (9th Cir. 2000) (stating that "a violation of state law standing

23  alone is not cognizable in federal court on habeas").

24         This court may not grant habeas corpus relief unless the state court's adjudication of the

25  claim:

26          (1) resulted in a decision that was contrary to, or involved an
            unreasonable application of, clearly established Federal law, as
27          determined by the Supreme Court of the United States; or

28  ////

3

1

2

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

4

28 U.S.C. § 2254(d). For purposes of applying § 2254(d)(1), "clearly established federal law"

5

consists of holdings of the United States Supreme Court at the time of the last reasoned state court

6

decision. Greene v. Fisher, 565 U.S. 34, 37 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir.

7

2011) (citing Williams v. Taylor, 529 U.S. 362, 405–06 (2000)). Circuit court precedent "'may be

8

persuasive in determining what law is clearly established and whether a state court applied that

9

law unreasonably.'" Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th

10

Cir. 2010)). But it may not be "used to refine or sharpen a general principle of Supreme Court

11

jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall

12

v. Rodgers, 569 U.S. 58, 64 (2013) (per curiam) (citing Parker v. Matthews, 567 U.S. 37 (2012));

13

see also Carey v. Musladin, 549 U.S. 70, 76–77 (2006). Nor may circuit precedent be used to

14

"determine whether a particular rule of law is so widely accepted among the Federal Circuits that

15

it would, if presented to th[e] [Supreme] Court, be accepted as correct." Marshall, 569 U.S. at 64.

16

A habeas corpus petition can invoke § 2254(d)(1) in two ways. First, a state court decision

17

is "contrary to" clearly established federal law if it either applies a rule that contradicts a holding

18

of the Supreme Court or reaches a different result from Supreme Court precedent on "materially

19

indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003) (quoting Williams, 529 U.S.

20

at 405–06). Second, "under the 'unreasonable application' clause, a federal habeas court may

21

grant the writ if the state court identifies the correct governing legal principle from th[e]

22

[Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's

23

case.'" Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (quoting Williams, 529 U.S. at 413); Chia v.

24

Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). "[A] federal habeas court may not issue the writ

25

simply because that court concludes in its independent judgment that the relevant state-court

26

decision applied clearly established federal law erroneously or incorrectly. Rather, that

27

application must also be unreasonable." Williams, 120 S. Ct. at 1522; see also Schriro v.

28

Landrigan, 550 U.S. 465, 473 (2007); Andrade, 538 U.S. at 75. "A state court's determination

1  that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could

2  disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101

3  (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a

4  condition for obtaining habeas corpus from a federal court, a state prisoner must show that the

5  state court's ruling on the claim being presented in federal court was so lacking in justification

6  that there was an error well understood and comprehended in existing law beyond any possibility

7  for fairminded disagreement." Richter, 562 U.S. at 786–87.

8      A petitioner may also challenge a state court's decision as being an unreasonable

9  determination of facts under § 2254(d)(2). Hibbler v. Benedetti, 693 F.3d 1140, 1146 (9th Cir.

10  2012). Challenges under this clause fall into two categories; first, the state court's findings of fact

11  "were not supported by substantial evidence in the state court record," or second, the "fact-

12  finding process itself" was "deficient in some material way." Id.; see also Hurles v. Ryan, 752

13  F.3d 768, 790–91 (9th Cir. 2014) (If a state court makes factual findings without an opportunity

14  for the petitioner to present evidence, the fact-finding process may be deficient, and the state

15  court opinion may not be entitled to deference). Under the "substantial evidence" category, the

16  court asks whether "an appellate panel, applying the normal standards of appellate review," could

17  reasonably conclude that the finding is supported by the record. Hibbler, 693 F.3d at 1146 (9th

18  Cir. 2012) (quoting Taylor v. Maddox, 366 F.3d 992, 999–1000 (9th Cir. 2004), overruled on

19  other grounds by Murray v. Schriro, 745 F.3d 984, 999–1001 (9th Cir. 2014)). The "fact-finding

20  process" category, however, requires the federal court to "be satisfied that any appellate court to

21  whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable

22  in holding that the state court's fact-finding process was adequate." Hibbler, 693 F.3d at 1146–47

23  (quoting Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004)). The state court's failure to hold

24  an evidentiary hearing does not automatically render its fact-finding process unreasonable. Id. at

25  1147. Further, a state court may make factual findings without an evidentiary hearing if "the

26  record conclusively establishes a fact or where petitioner's factual allegations are entirely without

27  credibility." Perez v. Rosario, 459 F.3d 943, 951 (9th Cir. 2006) (citing Nunes v. Mueller, 350

28  F.3d 1045, 1055 (9th Cir. 2003)).

5

If a petitioner overcomes one of the hurdles posed by section 2254(d), this court reviews the merits of the claim de novo. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 737 (9th Cir. 2008) (en banc). For claims upon which a petitioner seeks to present new evidence, the petitioner must meet the standards of 28 U.S.C. § 2254(e)(2) by showing that he has not "failed to develop the factual basis of [the] claim in State court proceedings" and by meeting the federal case law standards for the presentation of evidence in a federal habeas proceeding. See Cullen v. Pinholster, 563 U.S. 170, 186 (2011).

This court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[I]f the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, [this court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'" Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (quoting Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005)). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome if "there is reason to think some other explanation for the state court's decision is more likely." Id. (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court rejects some of petitioner's claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 293 (2013). When it is clear that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply, and a federal habeas court reviews the claim de novo. Stanley, 633 F.3d at 860.

**ANALYSIS**

Petitioner asserts four grounds for relief: (1) insufficient evidence to prove alleged prior convictions under Oregon and federal law are sufficient for use as prior strikes under California law; (2) a true finding based on his 1990 unarmed bank robbery prior conviction is inconsistent with Sixth and Fourteenth Amendments and violated his right to a jury trial; (3) the state court

violated the full resentencing rule; and (4) ineffective assistance of trial and appellate counsel.

## I.    Claim One: Sufficiency of the Evidence

Petitioner claims that there was insufficient evidence to show that his prior convictions under Oregon and federal law share similar elements to the same offense under California law and qualify as prior strikes under California law. (ECF No. 4 at 4, 7–26; see also ECF No. 16.) In response, respondent argues that the state court's rejection of petitioner's argument was reasonable. (ECF No. 15 at 5–6.)

### A.    State Court Opinion

Petitioner raised this claim in his direct appeal. In the last reasoned state court decision, the California Court of Appeal considered and rejected the claim:

> An out-of-state felony conviction cannot be used as a serious felony, and therefore as a strike, unless the conviction includes all of the elements of a serious felony under California law. (Pen.Code, § 667, subd. (a).) Defendant maintains that, for different reasons, the prosecution failed to present substantial evidence the federal conviction or any of the Oregon convictions contained all of the requisite elements of a California robbery. We begin with the federal conviction.
>
> *Federal Offense*
>
> In a March 1990 indictment, a federal grand jury charged defendant as follows: "On or about February 16, 1990, in Marion County, in the District of Oregon, Angel Michael Rodriguez, defendant herein, did by force, violence, and intimidation, unlawfully and knowingly take from the presence of employees of the United Savings Bank, Market–Lancaster Branch, 1565 Lancaster Drive, Northeast, Salem, Oregon, a sum of money, to wit: Approximately $383.00 in United States currency, which money was then and there in the care, custody, control and management of the United Savings Bank, whose deposits were then and there insured by the Federal Deposit Insurance Corporation; in violation of Title 18, United States Code, Section 2113(a)."
>
> As the Supreme Court observed in *People v. Miles* (2008) 43 Cal.4th 1074 (*Miles* ), the federal statute on bank robbery named in defendant's indictment includes two paragraphs with very different elements. Mr. Miles, like defendant, contended that while conviction of conduct under the first paragraph qualifies as a California robbery, and therefore a serious felony under the three strikes law, the second paragraph does not. The Supreme Court agreed. The court explained:
>
> "The first paragraph of [title 18 United States Code] section 2113(a) described a person who, 'by force and violence, or by intimidation, [took], or attempt[ed] to take, from the person or

presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.' [Citation.]

"Then, as now, the second paragraph of [title 18 United States Code] section 2113(a) described a person who 'enter[ed] or attempt[ed] to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny.' [¶] ... [¶]

"Penal Code section 1192.7, subdivision (c) sets forth the categories of convictions California deems to be for serious felonies. Though there is no California convictable offense of bank robbery, Penal Code section 1192.7, subdivision (c) lists a crime of this name as a serious felony, a prior conviction for which may enhance the sentence for a subsequent offense. [Citation.] For this purpose, Penal Code section 1192.7 defines ' "bank robbery" ' as 'to take or attempt to take, by force or violence, or by intimidation from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association.' [Citation.]

"The California serious felony of bank robbery substantially coincides with the offense described in the *first* paragraph of [title 18 United States Code] section 2113(a).... [Fn. omitted.] However, there is no California serious felony that corresponds to the crime described in the *second* paragraph of section 2113(a). [Fn. omitted.] Thus, evidence that the defendant suffered a previous conviction under section 2113(a), standing alone, cannot establish that the conviction was for a serious felony under California law." (*Miles, supra,* 43 Cal.4th at pp. 1081–1082.)

For Mr. Miles, the fact the Supreme Court embraced his legal analysis of the federal statute and its applicability to the California law of robbery proved to be a pyrrhic victory. Even where, as here, the mere fact of conviction under the federal statute does not prove the offense was a serious felony, otherwise admissible evidence from the entire record may be examined to resolve the issue. (*Miles, supra,* 43 Cal.4th at p. 1082.) The Supreme Court affirmed Mr. Miles's strike convictions based on reasonable inferences drawn from the entire record, including a notation by the trial judge describing the offense committed under title 18 United States Code section 2113(a) as "bank robbery" and, more significantly, the fact defendant pleaded guilty to an "armed" robbery that involved "kidnapping." (*Miles,* at pp. 1077, 1087–1088.) The court concluded, "It is highly unlikely that one charged and convicted under section 2113(a) only for entering a bank with felonious or larcenous intent, without an attempted or actual taking of property by force and violence or intimidation, would also be found, in the course of the

offense, to have placed a victim's life in jeopardy by use of a dangerous weapon and to have taken a hostage. [Fn. omitted.] In the absence of any rebuttal evidence as to the nature of the prior conviction, the trial court was entitled, prima facie, to draw the more reasonable inference that it was for committing the California serious felony of bank robbery." (*Miles,* at p. 1088.)

Defendant insists that in his case there is insufficient evidence beyond the mere conviction to demonstrate the offense constituted a California robbery and qualifies as a serious felony. Not so. The indictment, as quoted above, expressly charged defendant with taking money from the bank employees "by force, violence, and intimidation." "Taking by force" brings the robbery within the ambit of the first paragraph of the federal statute and its California analogue. Moreover, in his petition to enter a guilty plea, defendant asked the court to accept his plea of guilty to the "Indictment."

Defendant argues that his handwritten notation explaining the factual basis for the plea did not include a description of the force or violence. He wrote: "On February 16, 1990, I robbed the United Savings Bank, Market–Lancaster Branch, 1565 Lancaster Drive, NE, Salem, District of Oregon, whose deposits were insured by the FDIC." But he need not have repeated what he had already stated on the previous page and that was he pleaded guilty to the charges set forth in the indictment, which expressly alleged that the taking was "by force, violence, and intimidation."

As a result, defendant's case is quite analogous to *Miles.* He is right that only the first paragraph of the federal statute sets forth the same elements as a California robbery as a serious felony, and the mere conviction of a title 18 United States Code section 2113(a) offense does not alone establish that the conviction was for a serious felony under California law. But he is wrong that his legal analysis ends our inquiry. As in *Miles,* otherwise admissible evidence from the entire record confirms that defendant was indeed convicted of taking the money from the employees by force, a crime that is a serious felony under California law.

### *Oregon Offenses*

Defendant contends there is insufficient evidence of four out-of-state convictions because the prosecutor failed to produce certified copies of the documents, a claim he raises for the first time on appeal. He cites two cases for the proposition that "[o]nly certified records of prior convictions are sufficient to prove a prior conviction." (*People v. Skiles* (2011) 51 Cal.4th 1178, 1186 (*Skiles* ); *People v. Duran* (2002) 97 Cal.App.4th 1448, 1460–1462 (*Duran* ).) Neither case stands for the principle of law recited by defendant.

In *Skiles,* the issue was whether a faxed copy of a certified copy was admissible to prove a foreign conviction. (*Skiles, supra,* 51 Cal.4th at p. 1182.) The Supreme Court in fact found the faxed copy in the case before it was admissible under the secondary evidence rule because there was an abundance of evidence in the record to corroborate its authenticity. (*Skiles,* at pp. 1184–1185.) The case, if

anything, suggests that authenticated documents, not merely certified copies, may be sufficient to prove a prior conviction.

In *Duran,* the Court of Appeal concluded that Evidence Code section 452.5, subdivision (b) creates a hearsay exception allowing admission of qualifying court records to prove not only the fact of conviction, but also that the offense reflected in the record occurred. (*Duran, supra,* 97 Cal.App.4th at p. 1460.) Interestingly, in *Duran,* as here, "the prosecutor represented, and the parties did not challenge, that the minute order was properly certified." (*Id.* at p. 1462.) There was no evidence offered to suggest that the minute order did not reliably reflect the judgment imposed by the trial court. Although the court held that the certified minute order was admissible as an official record to prove the relevant conviction, it did not state or imply that certified copies are the only means sufficient to prove a prior conviction.

The prosecution in this case did represent to the court at trial that the copies of the convictions were certified. Defendant did not object to the admission of the copies or in any way alert the court that, contrary to the prosecution's representations, the copies were not certified. On appeal, the Attorney General does not argue that the copies were, in fact, certified but contends that defendant forfeited his right to object to any lack of certification. Defendant insists that a challenge to the sufficiency of the evidence is never forfeited or waived by failing to raise the deficiency at trial. (*People v. Trujillo* (2010) 181 Cal.App.4th 1344, 1350, fn. 3; *People v. Rodriguez* (2004) 122 Cal.App.4th 121, 129.)

We agree with defendant to the extent that he has not forfeited his insufficiency claim, and we will review the entire record in the light most favorable to the prosecution to determine whether there is substantial evidence to support the court's findings that the four prior Oregon convictions constitute serious felonies under California law. But we agree with the Attorney General that defendant's specific objection to the lack of certification is not a mere challenge to the sufficiency of the evidence but a challenge to whether the prior convictions should have been admitted. "The objection requirement is necessary in criminal cases because a 'contrary rule would deprive the People of the opportunity to cure the defect at trial and would "permit the defendant to gamble on an acquittal at his trial secure in the knowledge that a conviction would be reversed on appeal." ' [Citation.] 'The reason for the requirement is manifest: a specifically grounded objection to a defined body of evidence serves to prevent error. It allows the trial judge to consider excluding the evidence or limiting its admission to avoid possible prejudice. It also allows the proponent of the evidence to lay additional foundation, modify the offer of proof, or take other steps designed to minimize the prospect of reversal.' [Citation.]" (*People v. Partida* (2005) 37 Cal.4th 428, 434.) Because defendant failed to object to the prosecutor's representation that the copies were certified, the trial court was not alerted to a need to consider excluding the evidence to minimize the prospect of reversal, and the prosecutor did not have the opportunity to cure any problems with the certification. Thus, defendant has forfeited any objection to the certification on appeal.

But certification is not the only issue. Defendant contends there is insufficient evidence that the crime of robbery in Oregon constitutes a serious felony in California because an Oregon robbery does not require an actual taking of property. (*State v. Hamilton* (2010) 348 Or. 371 [233 P.3d 432]; *State v. Skaggs* (1979) 42 Or.App. 763, 765 [601 P.2d 862].) Thus, under Oregon law, there is no separate crime of attempted robbery because an attempt is subsumed into the definition of robbery. But the distinction does not advance defendant's argument. Even if, as he suggests, he was guilty only of attempted robbery under California law, an attempted robbery in California is a serious felony and can therefore be used as a strike. (Pen.Code, § 1192.7, subd. (c)(19), (39).) Defendant's assertion to the contrary is mistaken.

The prosecution's exhibits included copies of the indictments for each of the four Oregon priors. In each indictment, defendant allegedly was armed with a firearm or knife while in the course of attempting to commit or committing theft from a person. Defendant admitted in his guilty plea that he robbed the victims as alleged. As a result, a reasonable inference can be drawn from the prosecution's evidence that each of the priors constituted robbery in California. Under the deferential and limited scope of appellate review of defendant's challenge to the sufficiency of the evidence, we conclude there was sufficient evidence to support the trial court's findings that all four of defendant's prior convictions for first and second degree robberies in Oregon were violent and serious felonies under California law.

The first amended information in this case was filed before trial and alleged four prior convictions. The jury here convicted defendant of the 2011 robbery, defendant waived his right to a jury trial on the priors, and the jury was discharged. But when defendant appeared for his court trial on the priors, the court allowed the prosecution to file a second amended information alleging a fifth prior conviction for second degree robbery. Defendant reiterates the objection he raised at trial. The objection should have been sustained as the Attorney General readily concedes.

A defendant has a statutory right to be tried on prior conviction allegations by the same jury that decided the issue of guilt. (Pen.Code, § 1025, subd. (b).) "[I]n the absence of a defendant's forfeiture or waiver, section 1025, subdivision (b) requires that the same jury that decided the issue of a defendant's guilt 'shall' also determine the truth of alleged prior convictions. Because a jury cannot determine the truth of the prior conviction allegations once it has been discharged [citation], it follows that the information may not be amended to add prior conviction allegations after the jury has been discharged." (*People v. Tindall* (2000) 24 Cal.4th 767, 782.) Thus, the prior conviction for second degree robbery on July 31, 1980, is stricken.

(ECF No. 14-10 at 4–11.) In a state habeas petition before the state appellate court, petitioner

argued that his 1990 second degree robbery conviction under Oregon law (second prior) does not

qualify as a serious felony, and consequently, does not constitute a strike under California law. The state appellate court agreed, dismissing that strike and the five-year sentencing enhancement imposed for that prior conviction and remanding for resentencing. (ECF No. 14-25.) Petitioner now contests whether there is sufficient evidence to support a finding that his remaining prior convictions, one federal and two Oregon convictions, constitute strikes.

**B. Discussion**

California's Three Strikes Law prescribes increased terms of imprisonment for persons who have been previously convicted of certain "violent" or "serious" felonies. Cal. Penal Code §§ 667(a)(1), (d)(1). California Penal Code section 667(a)(1) states that "[a] person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction that includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." Petitioner contends that three of his prior convictions (listed as his first, third, and fourth priors on the seconded amended information) do not qualify as strikes under California law. The first prior conviction is an October 15, 1990 conviction for bank robbery in violation of 18 U.S.C. § 2113(a). (ECF No. 14-1 at 147.) The third and fourth prior convictions are from July 31, 1980 for first degree robbery under Oregon Law. (Id. at 148.) But whether a prior conviction qualifies as a "serious felony" for sentencing purposes is a question of California law and is not cognizable on federal habeas review. See Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal habeas relief "is unavailable for alleged error in the interpretation or application of state law"); People v. Navarette, 4 Cal. App. 5th 829, 842 (2016).

Federal habeas relief for a claimed state sentencing error "is limited, at most, to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process . . . violation." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Richmond v. Lewis, 506 U.S. 40, 50 (1992). Specifically, petitioner claims that "weapon use or personal use of a deadly weapon was never established or admitted in the record as produced, and

1  to presume these allegations as absolute truth" violates his due process rights. (ECF No. 4 at 23.)

2  After examining the record, this Court concludes that petitioner has shown no such due process

3  violation.

4         As to his first prior conviction, the state court held that there was sufficient evidence that

5  offense constituted a California robbery, qualifying as a serious felony. (ECF No. 14-10 at 7.) The

6  state court explained that "[t]he indictment . . . expressly charged defendant with taking money

7  from the bank employees 'by force, violence, and intimidation.' 'Taking by force' brings the

8  robbery within the ambit of the first paragraph of the federal statute and its California analogue."

9  (Id.; see also ECF No. 14-2 at 15–16.) To the extent that petitioner argues that the state court

10  improperly relied on the record of conviction, he is mistaken. As the state court stated, "where, as

11  here, the mere fact of conviction under the federal statute does not prove offense was a serious

12  felony, otherwise admissible evidence from the entire record may be examined to resolve the

13  issue." (ECF No. 14-10 at 6 (citing People v. Miles, 43 Cal. 4th 1074, 1082 (2008)).)

14         As to his third and fourth prior convictions, the state court reasonably rejected petitioner's

15  argument that the Oregon robbery convictions does not constitute a serious felony in California

16  because Oregon law does not require an actual taking of property. The state court concluded that

17  both indictments stated that "defendant allegedly was armed with a firearm or knife while in the

18  course of attempting to commit or committing theft from a person." (ECF No. 14-10 at 10; see

19  also ECF No. 14-1 at 216, 226–30, 238, 244–46, 248–49.) Based on this evidence, the state

20  court's determination that these priors constitute serious felonies and qualify as strikes under

21  California law was not arbitrary or capricious.

22         This Court recommends denying habeas relief on this claim.

23  **II.**   **Claim Two: Challenge to True Finding for 1990 bank robbery conviction**

24         Petitioner claims that the trial court did not explain its reasoning for its true finding of the

25  prior 1990 unarmed bank robbery, and the state appellate court impermissibly relied on the trial

26  court's factual findings. (ECF No. 4 at 4, 27–31.) Respondent asserts that this claim is not

27  cognizable. (ECF No. 15.)

28  ////

**A. State Court Opinion**

Petitioner raised this claim in his direct appeal and the relevant section is provided above for claim one.

**B. Discussion**

Petitioner seeks habeas relief on the grounds that the trial court and state appellate court's findings regarding his prior convictions were based on "the underlying conduct, non-elemental facts, its own inferences, and factual findings, all of which is constitutionally impermissible under [People v. Gallardo, 4 Cal. 5th 120 (2017)]." (ECF No. 4 at 27; see also id. at 30 (arguing that Gallardo effectively overruled Miles).)  If petitioner is challenging an interpretation of state law, this is not cognizable on federal habeas review. The state court determined that "[a]s in *Miles,* otherwise admissible evidence from the entire record confirms that defendant was indeed convicted of taking the money from the employees by force, a crime that is a serious felony under California law." (ECF No. 14-10 at 8.) On federal habeas review, this Court is bound to the state court's interpretation of state law. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam).

To the extent that he raises a constitutional claim, this also fails. The Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). "The Sixth Amendment contemplates that a jury—not a sentencing court—will find such facts, unanimously and beyond a reasonable doubt." Deschamps v. United States, 570 U.S. 254, 269 (2013). It further clarified that "only the facts the court can be sure the jury so found are those constituting elements of the offense—as distinct from amplifying but legally extraneous circumstances." Id. at 270; People v. Gallardo, 4 Cal. 5th 120, 134 (2017) ("The trial court's role is limited to determining the facts that were necessarily found in the course of entering the conviction.")

Here, petitioner challenges the evidence underlying his 1990 federal conviction under 18 U.S.C. § 2113(a). This statute is divisible. See, e.g., United States v. Watson, 881 F.3d 782, 786 (9th Cir. 2018). When a defendant's conviction under a divisible federal statute is based on a

guilty plea, as it was for petitioner's relevant prior conviction, the court may consider "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005); see also United States v. Sahagun-Gallegos, 782 F.3d 1094, 1098 (9th Cir. 2015); Gallardo, 4 Cal. 5th at 136–37. Petitioner seems to admit that the court can rely on these documents to establish the elements of the crime. (ECF No. 16 at 3.) Here, the state courts' reliance on the indictment, defendant's petition to enter a guilty plea, and the statutory definition does not run afoul with this limitation.

The state court's decision rejecting petitioner's claim was not contrary to, or an unreasonable application of clearly established federal law, and this Court recommends denying relief on claim two.

**III.    Claim Three: Full Sentencing Rule**

Petitioner takes issues with not being able to raise new legal issues when his case was on remand for resentencing. (ECF No. 4 at 5.) In particular, at the resentencing hearing, petitioner wanted to revisit his denied Romero motion and "readdress [r]estitution matters and then the fact of changes in the law concerning Penal Code 667(a)(1), which implements judicial discretion [in giving five-year sentencing enhancements for prior convictions]." (Id.; see also id. at 32–34; ECF No. 17 at 4–6.)  Respondent contends that this claim is not cognizable on habeas review because it concerns an alleged violation of state law. (ECF No. 15 at 6–7.)

**A.  State Court Opinion**

On state habeas review, the state appellate court dismissed as a strike petitioner's 1990 second degree robbery conviction from Oregon and remanded for resentencing. (ECF No. 14-25.) At the resentencing hearing, the parties proceeded with "resentencing on the Remittitur only." (ECF No. 14-26.) The trial court resentenced petitioner to a total determinate aggregate term of 10 years and total indeterminate aggregate term of 25 years to life, all other fines and fees as originally imposed remained the same. (Id.) The trial court denied petitioner's other motions. (Id.)

////

////

**B.  Discussion**

Petitioner claims that the state court's rejection of his additional legal issues at the resentencing hearing violated the full sentencing rule under <u>People v. Buycks</u>, 5 Cal. 5th 857 (2018). In that case, the California Supreme Court noted that "on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" <u>Buycks</u>, 5 Cal. 5th at 893 (citation omitted). Whether the trial court adhered to this rule is a question of state law, which is not cognizable on federal habeas review. <u>See</u> <u>Bradshaw</u>, 546 U.S. at 76; <u>Horton v. Mayle</u>, 408 F.3d 570, 576 (9th Cir. 2005) ("If a state law issue must be decided in order to decide a federal habeas claim, the state's construction of its own law is binding on the federal court.").  Because the state court's rejection of petitioner's claim was not contrary to, or an unreasonable application of federal law, this Court recommends denying habeas relief.

**IV.   Claim Four: Ineffective Assistance of Counsel**

Lastly, petitioner raises an ineffective assistance of trial and appellate counsel claim. (ECF No. 4 at 5, 35–38.) First, he asserts that trial counsel failed to understand that California and Oregon robbery statutes are different, which could have removed two strikes based on his prior convictions. (<u>Id.</u> at 35 ("Prior Conviction Nos. 3 and 4 do not constitute serious/violent felony priors/strikes under California law as robbery or attempted robbery, even under <u>People v. McGee</u> (2006) 38 Cal. 4th 682, because the Oregon robbery statutes are broader than the California statute and do not include an actual taking from the person/presence of the victim.") Second, he claims that his appellate counsel in a state habeas petition (No. 18HC00048) failed to petition for leave to file a supplemental brief, costing him a basis for relief. (<u>Id.</u> at 5; <u>see also</u> <u>id.</u> at 163 (in denying the state habeas petition, the court noted that petitioner's counsel attempted to raise the taking-from-person-to-presence issue without seeking leave to amend the instant petition, filing a supplemental petition according to the rules, or pointing to any authority that would allow the court to "expand the issues on which the order to show cause was instructed by the Third District."))

////

1

**C. State Court Opinion**

2       As to his ineffective assistance of trial counsel claim, petitioner raised this claim in a state

3   habeas petition. (ECF No. 14-27.) The court held that the claim was procedurally barred and lacks

4   merit. (Id. at 4 ("Because prior convictions one, three and four are serious felonies under

5   California law, petitioner was not prejudiced by his counsel's, potentially, deficient

6   performance."))

7       As to the ineffective assistance of appellate counsel claim, the state appellate court issued

8   an order to show cause returnable to Sacramento County Superior Court with regard to the

9   "validity of the enhancements for petitioner's October 19, 1990, conviction for second degree

10  robbery." (ECF No. 14-17.) The superior court acknowledged that "this matter will be limited to

11  whether the enhancements for petitioner's October 19, 1990, conviction for second degree

12  robbery are invalid . . . and whether trial defense counsel was ineffective under [Strickland] with

13  regards to the enhancements." (ECF No. 14-20 at 2.) The superior court denied the petition for

14  writ of habeas corpus, (ECF No. 14-23), but the state appellate court concluded the relief was

15  available, dismissing the strike and five-year sentence enhancement imposed for that prior

16  conviction and remanding for resentencing. (ECF No. 14-25.)

17

**D. Discussion**

18      To state an ineffective assistance of counsel claim, a defendant must show that (1) his

19  counsel's performance was deficient, falling below an objective standard of reasonableness, and

20  (2) his counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466

21  U.S. 668, 687–88 (1984). For the deficiency prong, "a court must indulge a strong presumption

22  that counsel's conduct falls within the wide range of reasonable professional assistance; that is,

23  the defendant must overcome the presumption that, under the circumstances, the challenged

24  action 'might be considered sound trial strategy.'" Id. at 689 (citation omitted). For the prejudice

25  prong, the defendant "must show that there is a reasonable probability that, but for counsel's

26  unprofessional errors, the result of the proceeding would have been different. A reasonable

27  probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

28  ////

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." <u>Richter</u>, 562 U.S. at 105 (internal citations omitted); <u>see also</u> <u>Landrigan</u>, 550 U.S. at 473. When § 2254(d) applies, the "question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." <u>Richter</u>, 562 U.S. at 105.

The state court's rejection of petitioner's ineffective assistance of trial counsel claim was not objectively unreasonable. As explained in claim one above, because the state court reasonably determined that these prior convictions constitute serious felonies and qualify as strikes under California law, the failure to raise a meritless argument cannot constitute ineffective assistance of counsel. <u>Martinez v. Ryan</u>, 926 F.3d 1215, 1226 (9th Cir. 2019). This Court also concludes that the ineffective assistance of appellate counsel claim is moot because the state appellate court granted habeas relief on this claim, dismissing the strike and five-year sentencing enhancement for that prior conviction and remanding for resentencing. (ECF No. 14-25.) As a result, this Court recommends denying habeas relief on petitioner's ineffective assistance of counsel claims.

## V.      Petitioner's Additional Requests

Petitioner has also filed three additional documents, which this Court addresses in turn below.

First, petitioner filed a document called the "Amendment to the Petition." (ECF No. 18.) To the extent petitioner is attempting to amend the petition to include "new facts," he is mistaken. These "new" documents are already included in the Clerk's Transcript, which this Court has reviewed. (ECF No. 14-1 at 215–55.) Additionally, if petitioner is attempting to raise new claims in this document, relief should be denied. <u>See</u> <u>Delgadillo v. Woodford</u>, 527 F.3d 919, 930 n.4 (9th Cir. 2008) ("Arguments raised for the first time in petitioner's reply brief are deemed waived."); <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994) (stating that raising additional grounds for relief in a traverse is not proper).

Setting aside whether the claims were properly raised, they are vague, conclusory claims that do not assert a constitutional violation. <u>See</u> <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant

1  habeas relief.") This Court recommends denying any relief on this request.

2          Second, petitioner filed a "Statement of Case Claiming Documents Not Fully Before

3  Court," asserting that the defense counsel stated at voir dire that a gun was not involved in the

4  crime and, as a result, counsel was ineffective for failing to request a lesser offense instruction.

5  (ECF No. 19.) This claim also fails for a few reasons. First, although the voir dire transcript was

6  not lodged in this case, there is other evidence in the record that a gun was not involved. (ECF

7  No. 14-3 at 118, 203.) The "missing" voir dire transcript, therefore, did not prohibit petitioner

8  from making this argument earlier. It is not proper to raise new arguments after briefing on the

9  petition is complete. See Delgadillo, 527 F.3d at 930 n.4. Second, the claim would fail on the

10  merits. To state an ineffective assistance of counsel claim under Strickland, petitioner must prove

11  that counsel's performance was deficient and prejudicial. Strickland, 466 U.S. at 687–88. On

12  habeas review, this Court must determine whether there is any reasonable argument that counsel

13  satisfied this standard. Richter, 562 U.S. at 105. Here, the trial judge asked defense counsel if he

14  was requesting any lesser offenses in the jury instructions, and counsel said no. (ECF No. 14-4 at

15  85.) During closing argument, defense counsel's theory of the case was that petitioner did not

16  commit the robbery. (Id. at 14-4 at 166, 173–74.) Based on the record, the state court could have

17  reasonably determined that defense counsel opted for an all-or-thing strategy when deciding not

18  to request a lesser offense instruction. "In certain circumstances, it may be reasonable for a

19  defense attorney to opt for an 'all-or-nothing' strategy, forcing the jury to choose between

20  convicting on a severe offense and acquitting the defendant altogether." Crace v. Herzog, 798

21  F.3d 840, 852 (9th Cir. 2015); see also Crow v. Haynes, 2021 WL 5122171, at *3 (9th Cir. Nov.

22  4, 2021). This Court recommends denying habeas relief on petitioner's supplemental request.

23          Lastly, petitioner filed a second "Amendment to Petition." (ECF No. 20.) He claims that

24  the California Supreme Court's recent decision In re Milton supports his claim that his prior

25  convictions do not qualify as strikes because Oregon and California's robbery statutes do not

26  match, and the record does not show that the prior convictions involved use of a deadly weapon.

27  (ECF No. 20 at 5); In re Milton, 13 Cal. 5th 893 (2022) (holding that Gallardo, as a new

28  procedural rule, is not retroactive to final judgments). Because his underlying claim has already

1    been addressed above, this Court will not repeat it here. This Court recommends denying

2    petitioner's amendment because it does not raise a constitutional violation that would entitle him

3    to habeas relief. See 28 U.S.C. § 2254(a).

4                                    **CONCLUSION**

5           Petitioner fails to meet the standards set out in 28 U.S.C. § 2254(d) by showing the state

6    court decision on any claim was contrary to or an unreasonable application of clearly established

7    law as determined by the Supreme Court, or resulted in a decision based on an unreasonable

8    determination of the facts.

9           Thus, it is RECOMMENDED that:

10          (1) Petitioner's petition for a writ of habeas corpus (ECF No. 4) be denied;

11          (2) Petitioner's "Amendment to the Petition" (ECF No. 18) be denied;

12          (3) Petitioner's "Statement of Case Claiming Documents Not Fully Before Court" (ECF

13              No. 19) be denied; and

14          (4) Petitioner's second "Amendment to Petition" (ECF No. 20) be denied.

15          These findings and recommendations will be submitted to the United States District Judge

16    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days

17    after being served with these findings and recommendations, any party may file written

18    objections with the court and serve a copy on all parties. The document should be captioned

19    "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

20    shall be served on all parties and filed with the court within seven (7) days after service of the

21    objections. Failure to file objections within the specified time may waive the right to appeal the

22    District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951

23    F.2d 1153 (9th Cir. 1991).

24    ////

25    ////

26    ////

27    ////

28    ////

1         In the objections, the party may address whether a certificate of appealability should issue

2    in the event an appeal of the judgment in this case is filed. <u>See</u> Rule 11, Rules Governing § 2254

3    Cases (the district court must issue or deny a certificate of appealability when it enters a final

4    order adverse to the applicant).

5    Dated:  April 5, 2023

6

7

8                                        DEBORAH BARNES
                                    UNITED STATES MAGISTRATE JUDGE

9    DLB7;
    Rodr1517.fr.hab

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28