UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL M. RODRIGUEZ,<br><br>        Petitioner,<br><br>   v.<br><br>CRAIG KOENIG,<br><br>        Respondent. | No.  2:21-cv-01417-DJC-DB P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 5, 2023, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within thirty days.  Petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

1

In his opposition to the Findings and Recommendations, (ECF No. 25), Petitioner maintains that the record does not contain evidence of his use of a weapon in either of the prior 1980 Oregon robberies which was appropriate for the sentencing court to consider when enhancing his sentence under *Shepard v. United States*, 544 U.S. 13, 16 (2005) and *Descamps v. United States*, 570 U.S. 254, 257 (2013).  Both of these cases confirm that where a defendant has pled guilty to a divisible statute, a sentencing court may look to a limited set of evidence in evaluating which crime the defendant pled guilty to and whether that crime constituted a serious felony for purposes of enhanced sentencing.  *See Descamps*, 570 U.S. at 272.  The permissible evidence is limited to the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  *Shepard*, 544 U.S. at 16.  The sentencing court may "review[] documents like an indictment or plea colloquy only to determine 'which statutory phrase was the basis for the conviction . . .'" *Descamps*, 570 U.S. at 263–64 (quoting *Johnson v. United States*, 559 U.S. 133, 144 (2010)).  This allows a court "to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense."  *Id.*  The judicial finding of any fact beyond the fact of the prior conviction itself raises Sixth Amendment jury trial concerns.  *See id.* at 269.

Here, although the Petitioner pleaded guilty to "Robbery in the First Degree" (ECF No. 14-1 at 220, 242), the plea agreement alone does not state which of the three prongs of the Oregon First Degree Robbery statute to which Petitioner plead guilty.  Or. Rev. Stat. § 164.415(1)(a)–(b).  However, the indictments (which are "charging documents" under *Shepard*) make clear that Petitioner was charged under, and pleaded guilty to, § 164.415(1) subsection (b), because the indictments state that Petitioner used a deadly weapon in carrying out the robberies.  (*See* ECF No. 14-1 at 216 (stating that Petitioner "point[ed] a gun at" the victim "while in the course of committing theft of property"); *id.* at 238 (stating that petitioner held a knife to the

victim while committing the theft).)  The sentencing court did not make a fact finding about whether Petitioner used a deadly weapon, but rather referred to the charging document to identify which prong of the Oregon statute defendant had pleaded guilty to and been convicted under.  *Compare*, *United States v. Shelby*, 939 F.3d 975, 981 (9th Cir. 2019) (sentencing court erred in determining that the petitioner had been convicted under § 164.415(1)(b) because the charging document did not make clear which prong the petitioner was charge under where it merely stated the petitioner was "armed with . . . a deadly weapon" but failed to allege he used it during the commission of the robbery).  The sentencing court's reliance on the indictments and its ultimate conclusion that Petitioner had been convicted of two serious felony offenses was squarely within the inquiry permitted by *Shepard* and *Decamps*.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 5, 2023, are adopted in full;

2. Petitioner's petition for a writ of habeas corpus (ECF No. 4) is denied;

3. Petitioner's "Amendment to the Petition" (ECF No. 18) is denied;

4. Petitioner's "Statement of Case Claiming Documents Not Fully Before Court" (ECF No. 19) is denied;

5. Petitioner's second "Amendment to Petition" (ECF No. 20) is denied; and

6. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

IT IS SO ORDERED.

Dated:  **September 19, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

rodr1417.805.hc